## MONTGOMERY COUNTY

v.

## Gordon B. HEAL, Jr. and Diane M. Heal, Appellants.

### Nos. 1975 C.D.2003, 1976 C.D.2003.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2004.

Decided May 11, 2004.

Lisa Anne Sabatino, Philadelphia, for appellants.

Barbara Harrington Hladik, Norristown, for appellee.

BEFORE: McGINLEY, J., LEAVITT, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Judge McGINLEY.

Gordon B. Heal, Jr., and Diane M. Heal (Landowners) appeal from the order of the Court of Common Pleas of Montgomery County (common pleas court) which denied their preliminary objections to two amended declarations of taking filed by the Montgomery County Board of Commissioners (County).

The County is a second class-A county located in southeastern Pennsylvania.[1] In 1996, the County, through its planning commission, adopted and approved an open space plan. Included in the Plan was a recommendation to develop a county trail network to consist of 12 recreational trails, including a 19.5 mile long trail, called the Perkiomen Trail, a multi-use public trail for walkers, joggers, bicyclists, cross-country skiers and equestrians. Montgomery County Trail Plan at 17; Reproduced Record (R.R.) at 178.

In order to acquire the necessary land for the trail, the County accepted donations of land, and attempted to negotiate the purchase of easements from about 175 private landowners. Montgomery County Website, "Perkiomen Trail Under Development." R.R. at 195a–197a. The County was unable to reach an agreement with Landowners. Resolution of County Commissioners, June 13, 2001, at 1; R.R. at 112a; Resolution of County Commissioners, September 20, 2001, at 1; R.R. at 11a.

On June 21, 2001, and November 19, 2001, the County filed declarations of taking[2] that identified two separate portions of property owned by Landowners to develop the central section of the Trail. Each parcel condemned consisted of a 64 foot long strip, by 10 foot wide, approximating 640 square feet.

Landowners filed preliminary objections to the declarations of taking. Landowners asserted that: (1) the County did not have power under the Code to take land for the purpose of a "public trail";[3] (2) the County was required under the Code to acquire the entire title held by them, and not a perpetual easement;[4] and (3) the County

1. The Pennsylvania Manual, Volume 115, December 2001 at 6–11.

2. The notice of filing of declaration of taking stated that the condemnations were pursuant to Section 3025 of the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, 16. P.S. § 6025.

3. The Landowners acknowledged that Section 3025 of the Code specifically granted Montgomery County the power of eminent domain for the purpose of "establishing, making, enlarging, extending, operating and maintaining public parks." However, the Landowners asserted that the trail at issue was distinguishable from a "public park" and the absence of the terms "trail," "foot path" or "bridal path" from the Code demonstrated the legislative intent to restrict the power of a second class county from establishing a foot or bridle path.

4. The declarations of taking indicated the interest in the property taken was condemned as a permanent easement. Declaration of Taking, June 21, 2001, Paragraph 3 at 1; R.R.

abused its discretion because it failed to proceed with an alternative route for the trail through public, rather than private, land.[5]

On December 9, 2002, while preliminary objections were pending, the General Assembly amended Sections 3025 and 3027 of the Code. The amendments to Section 3025 gave counties of the second class and second class-A the right to condemn and acquire land for the purpose of establishing "multi-use recreational trails." The amendments to Section 3027 gave counties the right "to acquire fee simple title, easement or any other interest in the said property." The Code further provided that the changes were immediately effective.

On December 18, 2002, the County petitioned for leave to amend the declarations of taking. The County's stated purpose for the proposed amendment was so that it could proceed under the newly amended statute. After argument, the common pleas court granted the County's Petition for Leave to Amend the Declarations of Taking on March 7, 2003.

On March 11, 2003, the County filed amended declarations of taking in conformity with the changes to the Code. Landowners preliminarily objected to the amended declarations of taking, and alleged the amendments to the Code did not apply retroactively to the pending declarations of taking. Landowners reasserted the County's lack of authority under the Code, as well as their preliminary objections to the original declarations of taking.

Extensive discovery was conducted by the parties in the consolidated action. The parties submitted briefs, exhibits and the following deposition transcripts to the common pleas court: (1) the County's Chief of Open Space Planning, John H. Wood; (2) Trail design engineer, Mark G. Wilson; (3) County Planning Commission Senior Open Space Planner, Curt Bish; (4) Chairman of the County Commissioners, Michael Marino; (5) design consultant, Robert Thomas; and (6) landowner/condemnee, Clinton Frey.

After oral argument on June 19, 2003, the common pleas court denied Landowners' preliminary objections to the amended declarations of taking and directed that title in Landowners' property be vested in the County pursuant to the declaration of taking. The common pleas court found that leave to amend the declarations of taking was properly granted to the County, and in any event, the County had authority to condemn the property before the amendment to the Code. Common Pleas Court Opinion, November 6, 2003 (Opinion) at 5–11; R.R. at 958a–964a. The common pleas court found that there was insufficient evidence to establish that the County acted arbitrarily and capriciously in condemning Landowners' property. Opinion at 11–19; R.R. at 964a–972a. The common pleas court further found that Landowners' constitutional claims, which were based on the issues previously disposed of, were meritless, as well. Opinion at 19–20; R.R. at 972a–973a. Finally, the common pleas court found that Landowners were not entitled to additional discovery because they failed to demonstrate the need for discovery in their supplemental brief, and the information sought was not a

---

at 207a; and Declaration of Taking, November 19, 2001, Paragraph 3 at 1; R.R. at 6a.

5. On September 6, 2002, the common pleas court ordered the cases consolidated, together with the condemnation proceeding at No. 01–

16054 (Clinton M. and Jean A. Frey). Common Pleas Court Order, Sept. 6, 2002, at 1; R.R. at 161a. The Freys subsequently settled with the County.

proper subject of preliminary objections to a taking. Opinion at 20; R.R. at 973a.

On appeal, the Landowners raise four issues: (1) whether the common pleas court erred in allowing the County to amend the declarations of taking based upon an amendment to a statute that was not made retroactive; (2) whether the common pleas court erred by determining that the County had authority to condemn for a "trail" and an "easement in perpetuity"; (3) whether the common pleas court erred in finding that the County had authority to condemn because the condemnation violated their due process and equal protection rights under the United States and Pennsylvania Constitutions; and (4) whether the common pleas court erred in not allowing them additional time for discovery.[6]

The Honorable Richard J. Hodgson and the Honorable Thomas C. Branca ably disposed of these issues in their comprehensive opinion, therefore, we shall affirm on the basis of that opinion, *Condemnation of a 640 Square Foot Park and Recreation Trail Easement Interest in Perpetuity Through Realty Situate at 974 Gravel Pike, Perkiomen Township, Montgomery County, Pennsylvania,* (Nos. 2001–12173 and 2001–23464, filed November 6, 2003).[7]

### ORDER

AND NOW, this 11th day of May, 2004, the order of the Court of Common Pleas of Montgomery County, (Nos. 2001–12173 and 2001–23464, filed November 6, 2003) in the above-captioned matter is affirmed on the basis of the opinion issued by Judge Richard J. Hodgson and Judge Thomas C. Branca in *Condemnation of a 640 Square*

*Foot Park and Recreation Train Easement Interest in Perpetuity Through Realty Situate at 974 Gravel Pike, Perkiomen Township, Montgomery County, Pennsylvania,* — Pa. D & C 4th —— (2004) Court of Common Pleas Montgomery County, Nos. 2001–12173 and 2001–23464, filed November 6, 2003.

---

**6.** Landowners argue that the common pleas court erred in not finding the County's actions arbitrary and capricious. However, this issue was not set forth in the Statement of Questions Involved, therefore it is waived. *See* Pa. R.A.P. 2116(a).

**7.** The common pleas court addresses the easement argument in footnotes 3, 6, 7 and 9.